UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS RAMOS NEVAREZ,

        Petitioner,

   v.

CAMMILLA WAMSLEY, *et al.*,

        Respondents.

Case No. C25-2064RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Luis Ramos Nevarez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1 and Dkt. #2. The Court has reviewed the petition, the Response filed by the Government, Dkt. #12, a reply, Dkt. #14, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #2, #5, and #13. The parties generally agree as to the core facts of this case and disagree only about the application of law.

Petitioner is a 24-year-old native and citizen of Mexico. On or about May 14, 2021, Petitioner presented himself for inspection by Customs and Border Patrol ("CBP") at the Oakland International Airport having flown in from Mexico City. Dkt. #13 at 1–2. In a secondary

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

inspection he was questioned about photos on his phone showing him doing construction work in the United States. *Id*. at 2. This contradicted his apparent attempt to entry the country under a tourist visa. He then expressed a fear of returning to his native Mexico. *Id.* He was paroled and placed in removal proceedings by the issuing of a Notice to Appear ("NTA").

Petitioner has lived in the Portland area since. With the help of prior counsel, he filed a asylum application before the Portland Immigration Court.

On June 2, 2024, the Portland Immigration Court issued a case notice scheduling Petitioner for a master calendar hearing on December 28, 2026. *Id*. at 3.

On October 14, 2025, Portland Enforcement and Removal Operations officers conducted an enforcement operation on SW Erikson Ave in Beaverton, Oregon. *Id.* Petitioner was arrested attempting to enter his own residence from a vehicle. The petition states that "officers admitted they were looking for the prior occupant of his apartment." Dkt. #2 at 6. Prior to the arrest he did not receive written notice of the reason for re-detention or a hearing before a neutral decisionmaker. He has remained in detention.

Prior to being detained, Mr. Ramos was working as a project manager for a painting company. His petition states that he has a valid employment authorization card, and that he has been living with his fiancé, Desserey Soto, a U.S. Citizen, who is pregnant with the couple's child and due to give birth on November 24, 2025. None of this is contested by the Government.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 2

process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that Mathews' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties both discuss the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025). The

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 3

Government "acknowledge[s]" the holding in *E.A. T.-B.* and similar "cases from this district," but "respectfully disagree[s] with their holdings." Dkt. #12 at 6 n.1.

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was arrested in public, detained for weeks, and remains in custody undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest in the absence of a pre-detention hearing is high under the facts of this case.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has been living for years in Portland with permission of the Portland Immigration Court, following all the rules and waiting for his hearing, and there is no change in his particular factual circumstances prior to arrest, the Government fails this factor. There is no evidence on the record that he is a flight risk or danger to the community. The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 4

Petitioner shall be released from custody immediately and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate.

DATED this 3rd day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 5